IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHILLIP RAY RICE,                         :

     Petitioner,                      :

v.                                        :
                             CIVIL ACTION 09-0037-CG-M
LEON FORNISS, *et al.*,                   :

     Respondents.                     :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Defendants Leon Forniss, Richard Allen, Troy King, and the State of Alabama and against Petitioner Phillip Ray Rice.

    Petitioner was convicted of robbery first degree in the Circuit Court of Mobile County on May 27, 1992 for which he received a sentence of life in the state penitentiary (p. 6).[1]

---

[1]This action was transferred to this Court from the Middle District of Alabama.  All pleadings which were accumulated in that Court before the transfer have been subsumed into one pleading, Document 36, in this Court.  Therefore, for purposes of this Report, all pleadings which were generated in that Court will be referred to

Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence. *Rice v. State*, 620 So.2d 140 (Ala. Crim. App.), *cert. denied*, 620 So.2d 140 (Ala. 1993).

On May 19, 2006, Petitioner filed a Petition for Reconsideration in the Mobile County Circuit Court, asking that he be resentenced pursuant to statutory changes that had been made in the Alabama Habitual Offender Act; the petition was denied about three weeks later (pp. 78-81). Rice appealed that decision, but the Alabama Court of Criminal Appeals denied the appeal (pp. 51-54); rehearing was sought but was denied (pp. 88-93, 162). Petitioner sought *certiorari*, but the Alabama Supreme Court denied the petition (pp. 94-101, 179).

Petitioner filed a complaint with the U.S. District Court for the Middle District of Alabama on January 22, 2007 (*see* p. 34 n.1), raising the following claims: (1) A State legislative act which was passed following his conviction is applicable to his circumstance and its application would result in a lower sentence; (2) his conviction is in violation of equal protection laws; (3) his conviction violates due process and equal protection laws; (4) his conviction violates substantive due process; (5) his conviction discriminates on the basis of class; and (6) the State law is unconstitutional (pp. 10-18, 24-26). Respondents filed an Answer and Supplemental Answer which assert

---

by their page numbers.

that some of Rice's claims are procedurally defaulted and that the remaining claims have been adjudicated in the State Courts and found to be without merit (pp. 47-50, 145-46).  On June 20, 2009, this action was transferred to this Court as it was determined that it was the more appropriate venue for consideration of the petition (pp. 240-41).

Respondents have claimed that Petitioner has procedurally defaulted on the final four claims raised in this Court (p. 48). It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

The evidence of record demonstrates the following.  In his habeas petition, Rice states that he raised claims three, four, and five in a Petition for Reconsideration before the Mobile County Circuit Court which was denied on June 7, 2006 (pp. 13-

17).   Petitioner candidly admits that the sixth claim was never raised in the State Courts as it is a case of first impression (p. 18).   After reviewing the State records, it appears to the Court that these claims were only raised, to the extent they were raised at all, on the appeal of the denial of the Petition for Reconsideration (pp. 82-87) and the Application for Rehearing (pp. 88-93) and not in the Petition itself (*see* pp. 78-81).   That being the case, the claims were not raised in a timely fashion and are procedurally defaulted.[2]

However, all chance of federal review is not precluded.   The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.   If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).   A claimant can also

---

[2]Technically, all claims are procedurally defaulted as found by the Alabama Court of Criminal Appeals because Rice had filed a motion for reconsideration of sentence previously and only one is allowed under state law (p. 53).   As such, the Circuit Court did not have jurisdiction to entertain Petitioner's more recent petition and the claims raised therein were procedurally defaulted under *Harris*.

avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts. Furthermore, Rice has not shown that this Court's failure to discuss the merit of these four claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers the final four claims in this Court to be procedurally defaulted and the Court will not address their merit.

Petitioner first claims that a State legislative act which was passed following his conviction is applicable to his circumstance and that its application would result in a lower sentence (pp. 10-11). The Alabama Court of Criminal Appeals addressed this claim, in the appeal of the denial of Rice's Petition for Reconsideration, and found it to be without merit (Tr. 51-54). The Court notes that "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) (*quoting Tyree v. White*, 796 F.2d 390, 392-93 (11th Cir. 1986) (*citing Missouri v. Hunter*, 459 U.S. 359 (1983))). The Alabama Court of Criminal Appeals reviewed this claim and found no state law violation, a

5

decision not disagreed with by the Alabama Supreme Court (pp. 51-54, 162, 179).   Furthermore, "a state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved." *Beverly*, 854 F.2d at 416 (*citing Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983)).

Petitioner's second claim is that he was denied Equal Protection[3] of the law.  This Court notes that Petitioner has not demonstrated how he was treated any differently from any other criminal offender sentenced under the law in effect at the time he was sentenced.[4]  As discussed by the Alabama Supreme Court in *Ex parte Zimmerman*, 83 So.2d 408, 412 (Ala. 2002), Alabama decided to change its rules of incarceration for certain criminal defendants; the State has a legitimate interest in doing this. Alabama's decision to do this, however, has not denied Rice equal protection of the law as he was treated the same as all others similarly situated at the time of his sentence.  Petitioner's claim otherwise is without merit.

Rice has raised six different claims in bringing this

---

[3]"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. 14, § 1.

[4]The Court notes that this reasoning is applicable to Rice's third, fourth, fifth, and sixth claims as well and that even though they have been found to be procedurally defaulted, they also lack merit.

action.  Four of those claims were found to have been
procedurally defaulted; the other two were found to be without
merit.  Therefore, it is recommended that this habeas petition be
denied, that this action be dismissed, and that judgment be
entered in favor of Defendants Leon Forniss, Richard Allen, Troy
King, and the State of Alabama and against Petitioner Phillip Ray
Rice.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a *de novo* determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served with
a copy of the recommendation, unless a different time
is established by order.  The statement of objection
shall specify those portions of the recommendation to
which objection is made and the basis for the
objection.  The objecting party shall submit to the
district judge, at the time of filing the objection, a
brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed de
novo and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred

to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 17th day of June, 2009.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE